IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Lakeshore Indianola, LLC,<br>a foreign limited liability company, and<br>Lakeshore Management, Inc.,<br>a foreign corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>Havenpark Capital Partners, LLC,<br>a foreign limited liability company,<br><br>        Defendant. | NO. 4:19-CV-417<br><br>**DEFENDANT'S ANSWER,<br>AFFIRMATIVE DEFENSES AND<br>COUNTERCLAIM** |

COMES NOW Defendant Havenpark Capital Partners, LLC ("Havenpark") a foreign limited liability company and for its Answers to Plaintiffs' Petition at Law and Jury Demand states as follows:

**PARTIES**

1.  Lakeshore Indianola, LLC ("Lakeshore") is a Delaware limited liability company doing business in Warren County, Iowa.

**ANSWER:**

Havenpark denies, for a lack of information, the allegations in this paragraph.

2.  Lakeshore Management, Inc. ("Management") is a Delaware corporation doing business in Warren County, Iowa.

**ANSWER:**

Havenpark denies, for a lack of information, the allegations in this paragraph.

3.  Havenpark Capital Partners, LLC ("Havenpark") is a Utah limited liability

#3131285

company doing business in Warren County, Iowa.

**ANSWER:**

Havenpark admits the allegations in this paragraph.

## FACTUAL ALLEGATIONS

4. Lakeshore and Havenpark entered into a Purchase and Sale Agreement in June 2018, pursuant to which Lakeshore sold to Havenpark certain real property and improvements in Warren County, Iowa, in exchange for payment of $3,225,000 (the "Agreement").

**ANSWER:**

Havenpark admits the allegations in this paragraph.

5. Pursuant to Section 12.10 of the Agreement, Havenpark agreed that it would "not solicit any employee or on-site member of [Lakeshore] (or [Lakeshore's] manager)… to become an employee of [Havenpark] or [Havenpark] affiliate or accept employment from such party either prior to or during a 'Non-Solicitation Period' (described below) regardless of whether this transaction closes or fails to close for any reason, unless approved in writing by [Lakeshore]."

**ANSWER:**

Havenpark admits the allegations in this paragraph insofar as the text is reproduced from section 12.10 of the Agreement.

6. The Agreement defines "Non-Solicitation Period" as a period of eighteen months from the date the Agreement is deemed to have been terminated or eighteen months from the date of final resolution of any litigation arising out of this Agreement.

**ANSWER:**

Havenpark admits the allegations in this paragraph insofar as the text is reproduced from section 12.10 of the Agreement.

7. The transaction contemplated by the Agreement closed on September 24, 2018,

thereby terminating the Agreement for purposes of the Non-Solicitation Period on that date.

**ANSWER:**

Havenpark denies the allegations in this paragraph.

8. This action is litigation arising out of this Agreement, so the Non-Solicitation Period would extend eighteen months from the date of final resolution of this lawsuit.

**ANSWER:**

Havenpark denies the allegations in this paragraph.

9. Section 12.10 of the Agreement states that Lakeshore's remedies for Havenpark's breach of Section 12.10 shall include injunctive relief.

**ANSWER:**

Havenpark admits the allegations in this paragraph insofar as the text is reproduced from section 12.10 of the Agreement.

10. Section 12.10 of the Agreement further states that, in the event Havenpark hires any employee during the Non-Solicitation Period, Lakeshore shall be entitled as liquidated damages a sum equal to 300% of the current annual salary of the employee hired by Havenpark in violation of Section 12.10. Section 12.10 states that the parties agree that Lakeshore's actual damages for breach of Section 12.10 would be difficult to ascertain and these agreed-upon liquidated damages are the parties' best estimate of actual damages to Lakeshore.

**ANSWER:**

Havenpark admits the allegations in this paragraph insofar as the text is reproduced from section 12.10 of the Agreement.

11. Management is Lakeshore's "manager," and therefore Section 12.10 of the Agreement also applies to Management and its employees, and Management is a third-party beneficiary of Section 12.10 of the Agreement.

**ANSWER:**

Havenpark denies the allegations in this paragraph.

12. On October 30, 2019, Plaintiffs discovered that Havenpark or one of its affiliates had solicited for employment Management's regional manager Laura Bechel, who then accepted the offer of employment.

**ANSWER:**

Havenpark denies the allegations in this paragraph, but admits Bechel is a current Havenpark employee.

13. On October 31, 2019, Management terminated Bechel to prevent her from taking proprietary information from Plaintiffs to Havenpark and its affiliate.

**ANSWER:**

Havenpark denies the allegations in this paragraph for lack of information.

## COUNT I: BREACH OF CONTRACT – DAMAGES

Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 13 above.

14. Havenpark has breached the Agreement by soliciting Plaintiffs' employee.

**ANSWER:**

Havenpark denies the allegations in this paragraph.

15. While not a party to the Agreement, Management, as Lakeshore's manager, is an explicit third-party beneficiary to the Agreement, and is entitled to enforce Section 12.10 of the Agreement against Havenpark.

**ANSWER:**

Havenpark denies the allegations in this paragraph.

16. As a result of Havenpark's breach of the Agreement, Plaintiffs have sustained substantial damages in excess of this Court's jurisdictional minimum amount.

**ANSWER:**

Havenpark denies the allegations in this paragraph.

17. Plaintiffs are entitled to a judgment for damages they have sustained as a result of Havenpark's breach of contract.

**ANSWER:**

Havenpark denies the allegations in this paragraph.

WHEREFORE, Defendant prays that the Court dismiss Plaintiffs' Petition and award Defendant courts costs, including attorney's fees under the Agreement, and any other equitable relief as the Court deems appropriate.

### COUNT II: BREACH OF CONTRACT -- INJUNCTIVE RELIEF

Plaintiffs reallege and incorporate herein by reference the allegations of paragraphs 1 through 17 above.

Havenpark similarly incorporates its responses herein.

18. Havenpark's solicitation of Plaintiffs' employees is in breach of the Agreement.

**ANSWER:**

Havenpark denies the allegations in this paragraph.

19. Pursuant to the Agreement, Plaintiffs are entitled to injunctive relief barring Havenpark from soliciting for employment and hiring Plaintiffs' employees.

**ANSWER:**

Havenpark denies the allegations in this paragraph, but to the extent Plaintiffs are quoting the Agreement, it speaks for itself.

20. Unless and until Havenpark is enjoined from soliciting for employment and hiring Plaintiffs' employees, Plaintiffs will be greatly and irreparable harmed.

**ANSWER:**

Havenpark denies the allegations in this paragraph.

WHEREFORE, Defendant prays that the Court dismiss Plaintiffs' Petition and award Defendant courts costs, including attorney's fees under the Agreement, and any other equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues triable to a jury in this case.

Defendant makes no response.

## AFFIRMATIVE DEFENSES

1. Plaintiffs have failed to state a claim on which relief may be granted.

2. Plaintiffs have failed to mitigate their damages.

3. Plaintiffs lack standing for this lawsuit.

4. The contract, as interpreted by Plaintiffs is void, voidable and/or unenforceable as illegal as violative of the Sherman Antitrust Act and Iowa Code section 553.4.

5. Havenpark reserves the right to raise additional defenses as may become available through investigation or during the course of discovery.

## COUNTERCLAIM

Havenpark Capital Partners, LLC ("Havenpark") hereby asserts the following counterclaims:

1. Counterclaim Plaintiff Havenpark Capital Partners, LLC ("Havenpark") is a Utah limited liability company doing business in Warren County, Iowa.

2.      Counterclaim Defendant Lakeshore Indianola, LLC ("Lakeshore") is a Delaware limited liability company doing business in Warren County, Iowa.

3.      Havenpark and Lakeshore are parties to the Agreement at issue in Counts I and II above.

4.   In the Agreement, section 11.3 states:

> Subject to the other provisions of this Agreement, should either party hereto institute any action or proceeding in court to enforce any provision hereof or for damages by reason any alleged breach of any provision of this Agreement or for any other judicial remedy, or if there is any dispute between the parties with respect to the [sic] this Agreement, the prevailing party shall be entitled to receive from the losing party all reasonable attorneys' fees and all court costs in connection with such dispute and/or said proceeding. For purposes herein, the 'prevailing party' means the party obtaining substantially the relief sought, whether by compromise, settlement or judgment.

5.      Havenpark asserts its right to prevailing party attorney's fees should the matter resolve in its favor.

WHEREFORE, Counterclaim Plaintiff prays that the Court dismiss Plaintiffs' Petition and award Defendant courts costs, including attorney's fees under the Agreement, and any other equitable relief as the Court deems appropriate.

*/s/ Michele Brott*

Michele L. Brott AT0010068
Jodie C. McDougal AT0010139
Davis Brown Law Firm
The Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, IA  50309
Telephone:  (515) 288-2500
Fax:  (515) 243-0654
MicheleBrott@davisbrownlaw.com
JodieMcDougal@davisbrownlaw.com
ATTORNEYS FOR DEFENDANT

Copy to:

William W. Graham
Wesley T. Graham
Duncan Green, P.C.
400 Locust Street, Suite 380
Des Moines, IA 50309
Email: wwgraham@duncangreenlaw.com
       wtgraham@duncangreenlaw.com
ATTORNEYS FOR PLAINTIFFS

**PROOF OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on January 8, 2020 by:

☐ U.S. Mail            ☐ FAX
☐ Hand Delivered       ☐ Overnight Courier
☐ Federal Express      ☒ Other: CM/ECF

Signature:  /s/ Michele L. Brott